**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

              Plaintiff,

  -vs-                                              01-CR-376

**BRUCE H. MASON,**

              Defendant.
_____

**Thomas J. McAvoy, U.S.D.J.**

### DECISION & ORDER

**I.   INTRODUCTION**

Defendant Bruce H. Mason moves for reconsideration of this Court's denial of his previous motion pursuant to FED R. CRIM. P. 33 for a new trial. Defendant argues that this Court misconstrued the nature of alleged newly discovered evidence, thereby rendering a misapplication of the law. The facts and background of this case are detailed in this Court's opinion in Defendant's Rule 33 motion, which will not now be restated. See Mason v. United States, No. 01-CR-376 (N.D.N.Y. Oct. 21, 2005) (hereinafter "Rule 33 Opinion").

1

**II.   DISCUSSION**

   **A.   Standard of Review**

To be entitled to reconsideration, Defendant "'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.'" Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d. Cir 2000) (quoting Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999)); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 256-57 (2d Cir. 1995). Defendant "may neither repeat 'arguments already briefed, considered and decided,' nor 'advance new facts, issues or arguments not previously presented.'" In re Application of the United States, --- F. Supp. 2d ---- (E.D.N.Y. Oct. 25, 2005) (quoting Schonberger v. Serchuk, 742 F.Supp. 108, 119 (S.D.N.Y. 1990)).

   **B.   Merits of the Motion for Reconsideration**

Defendant has failed to meet his burden. Defendant fails to point to any controlling decisions or factual matters that the Court overlooked.

Defendant first claims that the Court improperly rejected his motion to supplement. With respect to the rejection of Defendant's Motion to Supplement that was received by the Court on October 24, 2005, these papers were rejected because the Court had already decided the Rule 33 motion. Defendant may not continuously submit materials in piecemeal fashion for the Court's consideration. This

2

is particularly so once the Court has already decided the pending motion.  The Court has afforded Defendant significant leeway in submitting materials in connection with his Rule 33 motion.  The Court is not obligated to consider Defendant's continuing submissions in perpetuity.

**2. Witness Recantation**

Defendant also again raises the issue of Edison's alleged recantation.  Defendant offers nothing new or that was not otherwise considered by the Court.  Defendant claims that the Court shortchanged the credibility and the circumstances of Edison's alleged recantation to Fred Gage and David Ferris.  Defendant claims that Gage and Ferris were reputable credit advisors to Edison, had impeccable credibility, and only came forward to be good citizens.  The Court considered these factors and all circumstances surrounding the alleged recantation.  Those matters will not be revisited.  Nothing presented by Defendant alters the result previously reached by the Court.  To date, Defendant still has not provided an affidavit from Edison recanting his testimony.

Defendant also claims that the Court failed to consider the fact that his conviction was not complete until certiorari was denied by the United States Supreme Court on April 18, 2005. Defendant uses this fact to counter the Court's questioning as to why he did not raise certain allegations until June 2005. Defendant misunderstands the significance of this date.  The Court

3

was stating that Defendant had ample time from the date he first filed his motion to vacate his conviction in June 2005 to obtain an affidavit from Edison. The Court believed that the five month period between June 2005 and October 2005 was enough time for Defendant to have obtained an affidavit from Edison.

Defendant also offers reasons why he has been unable to obtain an affidavit from Edison. Now, however, is not the time to address that issue. In its August 2005 ruling, the Court clearly directed Defendant to "obtain an affidavit from Edison regarding any claimed recantation or, in the alternative, explain why he has been unable to obtain such an affidavit." Defendant previously provided his explanation (which is different from the current explanation), which was rejected by the Court as insufficient. Plaintiff is merely seeking to raise counter-arguments to the Rule 33 Opinion. Because a motion for reconsideration should not be used as an avenue for appellate review or a second bite at the proverbial apple, these arguments cannot stand as the basis for reconsideration.

Finally, Defendant alleges that this Court failed to consider newly-discovered evidence consisting of a letter submitted by Edison to his state court judge (the Judge Matthews Letter) where Edison admits to falsely confessing to actions he did not commit. This issue was addressed in the Court's earlier ruling and, thus, is not properly before the Court. In any event, Defendant "bears

4

the burden of demonstrating that the evidence is genuinely "'new,'" i.e., that it was "'discovered after trial'" and "'could not, with the exercise of due diligence, have been discovered sooner'" and that the evidence "'is so material that it would probably produce a different verdict.'" Beras v. U.S., 2005 WL 2660397 (2d Cir. 2005) (unreported) (quoting United States v. Slutsky, 514 F.2d 1222, 1225 (2d Cir. 1975)).  Defendant fails to meet this burden.

Defendant admits he was provided with the letter on October 7 or 8, 2002.  Edison did not take the stand until October 9, 2002. Thus, the letter was available to Defendant at trial.  Moreover, Defendant fails to demonstrate that the evidence would probably produce a different result.  As previously explained, this Court (which sat as the trier of fact) was well aware of Edison's credibility issues.  Once again, it was not Edison's testimony alone that convicted Defendant, but consideration of all the relevant evidence.

**3. Alleged Brady Violations**

Defendant continues to assert that there were Brady violations.  As an initial matter, this issue is not properly before the Court on a Rule 33 motion.  "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty, or within such other time as the court sets during the 7-day period." FED. R. CRIM. P. 33.  The time for moving under Rule 33 for grounds

5

other than newly discovered evidence has long since passed.

In any event, this issue was fully addressed in the Court's earlier Decision & Order and Defendant has not offered anything warranting reconsideration. Defendant has not proven any <u>Brady</u> violations to this Court. Even assuming the government did fail to disclose certain evidence, for the reasons discussed in the Court's earlier Decision & Order, any such failures do not warrant a new trial.

In his latest submission, Defendant submits the case of <u>United States v. Smith</u>, 77 F.3d 577 (D.C. Cir. 1996), in support of his argument that the government's nondisclosure of a plea agreement with Edison and Edison's health history constituted <u>Brady</u> violations warranting a new trial. <u>Smith</u> is not a controlling decision in this Circuit and, therefore, does not provide a basis for reconsideration.

Further, under the law of the D.C. Circuit, that case is inapplicable here. <u>United States v. Cuffie</u>, 80 F.3d 514, 518 (D.C. Cir. 1996). Defendant was aware of Edison's plea agreements on both the state and federal levels. Evidence of Edison's plea agreements with the State of New York and the United States of America was directly addressed during the trial. The government brought out these plea agreements in its direct examination of Edison (likely in an effort to minimize any impeaching effect of those plea agreements that the defense might have used on cross-

examination). Defense counsel also raised the issue of the plea agreements on cross-examination, including the interplay between the federal and state charges. Thus, there is no evidence of any <u>Brady</u> violations. Even assuming the government failed to properly disclose this information to Defendant, "undisclosed impeachment evidence can be immaterial because of its cumulative nature . . . if the witness was already impeached at trial by the same kind of evidence." <u>Cuffie</u>, 80 F.3d at 518. As noted, the existence of the plea agreements concerning Defendant's case and Edison's unrelated offenses in state court, was put before the Court as impeachment evidence. Therefore, because the same kind of evidence was used at trial to impeach Edison, any alleged undisclosed evidence of a secret agreement between Edison and law enforcement officers is cumulative, and would not be sufficient for a new trial, even under the D.C. Circuit's standard.

   Moreover, based on the <u>Wong</u> case cited in the Court's earlier Decision & Order, the Court remains unpersuaded that the reasoning in <u>Smith</u> applies in this Circuit. In this Circuit, the proper focus is whether there is a "'reasonable probability' of a different result . . . when the Government's evidentiary suppression 'undermines confidence in the outcome of the trial.'" <u>Kyley</u>, 514 U.S. at 434; <u>see</u> <u>U.S. v. Wong</u>, 78 F.3d 73, 79 (2d Cir. 1996) ("a new trial is warranted only if 'the evidence is *material, noncumulative, and would probably lead to an acquittal*)(emphasis

7

added)). Due to the evidence against Defendant and the amount of impeachment evidence already available and presented at trial against Edison (including evidence of the plea agreements), this Court cannot conclude that its confidence in the outcome of Defendant's trial has been undermined. This conclusion equally applies to the medical evidence as well as the alleged plea agreement evidence.

The Court has considered Defendant's remaining arguments and finds them unpersuasive.

### III. Conclusion

For the foregoing reasons, Defendant's motion for reconsideration is **DENIED**. The Clerk of the Court shall not accept any further filings from Defendant in connection with the Rule 33 motion, particularly because the time for any Rule 33 filings has now expired. FED. R. CRIM. P. 33. **ANY FURTHER FILINGS BY DEFENDANT WILL BE CONVERTED TO AND TREATED AS A MOTION PURSUANT TO 28 U.S.C. § 2255.** Accordingly, before making any further filings, Defendant should be aware that:

> (A) A person is generally afforded only one Section 2255 motion unless the second motion involves newly discovered evidence of a potentially dispositive nature, or a new and retroactive rule of constitutional law. See 28 U.S.C. §§ 2255, 2244(b). Thus, all potential claims must generally be included in the initial Section 2255 motion;
>
> (B) A section 2255 motion is subject to a one year period of limitation which runs from the latest of four specified events

laid out in § 2255. See 28 U.S.C. § 2255;[1] Ross v. Artuz, 150 F.3d 97, 98 (2d Cir. 1998)(One of the purposes of the AEDPA was to create a statute of limitations for the "... filing of petitions for writs of habeas corpus and motions to vacate federal sentences."). Further, a "§ 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes." Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003);

(C) The failure to raise an issue on direct appeal may present a procedural bar to raising an issue in a Section 2255 motion. See Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998)("Where a criminal defendant has procedurally forfeited his claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the defendant can demonstrate either: (1) cause for failing to raise the issue, and prejudice resulting therefrom; or (2) actual innocence.")(citing Douglas v. United States, 13 F.3d 43, 46 (2d Cir. 1993)); Bousley v. United States, 523 U.S. 614, 622 (1998); but see Massaro v. United States, --- U.S. ----, 123 S.Ct. 1690, 1696 (2003)(A Section 2255 ineffective assistance of counsel claim is not barred even if not raised on direct appeal). Further, "a determination in a first § 2255 petition that the claims raised were unexhausted *and* procedurally defaulted 'qualifies as an adjudication on the merits.'" Villanueva, 346 F.3d at 60 (quoting Turner v. Artuz, 262 F.3d 118, 122-23 (2d Cir.)(*per curiam*), cert. denied, 534 U.S. 1031 (2001))(emphasis in original).

**IT IS SO ORDERED.**

---

[1] These are:

(1) the date on which the judgment becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

DATED:    November 23, 2005

_____
Thomas J. McAvoy
Senior, U.S. District Judge