UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRUCE MASON,

                              Petitioner,

      v.                                 01-CR-376

UNITED STATES OF AMERICA,

                              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

        Judy Mason, the spouse of Bruce Mason, filed a motion pursuant to Fed. R. Crim. P. 41(g) seeking the return of a burglary and fire alarm seized by the Broome County Fire Investigators in connection with the investigation of a fire on January 21, 1999. The investigation of the fire lead to her husband's arrest and conviction on 16 counts, including arson. In December 2003, Bruce Mason was sentenced to a total of 180 months incarceration. The government has responded to the motion stating that the alarm panel sustained damage from the fire and was discarded years ago.

        A Rule 41(g) motion that is brought after the criminal proceeding is over is treated as a civil action in equity. See Adeleke v. United States, 355 F.3d 144, 149 (2d Cir. 2004). Rule 41(g) permits a person aggrieved by the government's unlawful seizure or deprivation of property to move for the property's return. A district court "can order the return of property that is in the hands of the government." Bertin v. United States, 478 F.3d 489, 492 (2d Cir. 2007). Rule 41(g) does not, however, waive the government's sovereign immunity. Thus,

courts lack jurisdiction to award monetary damages for property that the government may have lost or destroyed. Adeleke, 355 F.3d at 151 ("[A]lthough we continue to adhere to the [state of the law that] . . . recognize[s] federal equitable jurisdiction to order the return of property pursuant to Rule 41(g) even after the conclusion of criminal proceedings, we here clarify that such equitable jurisdiction does not permit courts to order the United States to pay money damages when, for whatever reason, property is not available for Rule 41(g) return. Such monetary awards are barred by sovereign immunity."); see also Diaz v. U.S. 517 F.3d 608 (2d Cir 2008).

In the instant matter, the subject property was destroyed long ago. Accordingly, the Court cannot order its return. To the extent that monetary damages are sought as compensation for the destroyed property, sovereign immunity deprives this Court of jurisdiction to order the United States to pay money damages.

For the foregoing reasons, the motion pursuant to Rule 41(g) is DENIED.

IT IS SO ORDERED.

Dated: October 27, 2009

_____
Thomas J. McAvoy
Senior, U.S. District Judge